DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Alonzo L. Davis, appeals his conviction and sentence on: (1) two counts of aggravated robbery, each in violation of R.C. 2911.01(A)(1), felonies of the first degree; (2) on the firearm specifications attached to these two counts, both of which are violations of R.C. 2941.145; and (3) one count of kidnapping, a violation of R.C. 2905.01, a felony of the first degree. Appellant claims that the following errors occurred in the proceedings below:
 {¶ 2} "Davis' guilty pleas were not made knowingly and intelligently, and were done in violation of Crim.R. 11(C).
 {¶ 3} "Appellant's counsel provided ineffective assistance of counsel by not clarifying in state court, prior to the entry of his pleas, that it was the intent of all the parties that Davis' federal and state sentences run concurrent to each other, and failing to secure such commitment, to have the state sentencing precede the federal sentencing.
 {¶ 4} "The consecutive sentence imposed is not supported by the record below, and cannot be supported constitutionally or factually."
 {¶ 5} On November 25, 2003, a masked man, who was later identified as appellant, entered the Glass City Credit Union on Laskey Road in Toledo, Lucas County, Ohio. Appellant approached one of the tellers, pointed a handgun at her, and told her to put money in a shopping bag. The security guard, who was an off duty Toledo police officer, noticed the teller putting money into the bag and decided to confront appellant. As she did so, appellant noticed her and grabbed a bank customer. Appellant used the customer to escape from the bank without the money. Once outside the bank, appellant released the customer, pulled off his mask and started to run, with the security guard in pursuit.
 {¶ 6} A motorist, Dennis Bugg, was driving his automobile on Laskey Road, saw the pursuit, and attempted to stop appellant. However, appellant pointed the handgun at Bugg, took Bugg's vehicle, and fled. A second individual, Ryan Shanley, observed the theft of Bugg's car, as well as the security guard pursuing appellant. Shanley called the police and informed them that he had seen a second "suspicious" motor vehicle circling the area and gave the police a description of that vehicle. Shanley also picked up Bugg after his automobile was taken.
 {¶ 7} Subsequently, two Toledo police officers stopped a car that matched the description provided by Shanley. Appellant's co-defendant, Antwon Wells, was driving the automobile and a woman, Teresa Figures, was in the passenger seat. Appellant was discovered lying prone on the rear seat of the vehicle. Both Wells and Figures gave statements in which they told the police that they drove appellant to the Glass City Credit Union, that after his escape appellant called them on his cell phone, and that they then "picked him up." Officers later found Bugg's automobile in a parking lot near the crime scene. Nearby, they discovered the .38 caliber handgun that was used by appellant. The weapon was test fired in order to ascertain its operability.
 {¶ 8} The Lucas County Grand Jury indicted appellant on two counts of aggravated robbery, with the firearm specifications; one count of kidnapping with a firearm specification; and one count of felonious assault. Appellee, the state of Ohio, agreed to nolle the count of felonious assault and the firearm specification attached to the count of kidnapping. In return, appellant entered, pursuant to North Carolina v. Alford (1970),400 U.S. 25, a guilty plea to the remaining counts.
 {¶ 9} It is undisputed that appellant was also prosecuted under federal law in the federal court system for the criminal conduct that took place on November 25, 2003.
 {¶ 10} The trial court imposed sentences of eight years in prison for each conviction of aggravated robbery; additional mandatory and consecutive (to the sentences for aggravated robbery) terms of three years for the firearm specifications (which were to be served concurrently); and a five year term of imprisonment for the conviction on the kidnapping charge. The court ordered that the kidnapping and aggravated robbery sentences were to be served concurrent to each other for a total of 11 years in prison. However, the court further ordered that appellant's sentence of 11 years was to be served consecutive to the federal sentence that was currently being served.
 {¶ 11} In his first assignment of error, appellant contends that his guilty pleas were not intelligent and voluntary because the trial court failed, in essence, to explain the effect of ordering the state sentences to be served consecutive to any federal sentence rather than concurrent to each other.
 {¶ 12} Crim.R. 11(C)(2) governs guilty and no contest pleas in felony cases and states:
 {¶ 13} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 15} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 17} To determine whether a defendant understands the ramifications of his or her guilty plea, the court must engage in an oral dialogue with the defendant who is entering the plea.State v. Razo, 157 Ohio App.3d 578, 2004-Ohio-3405, at ¶ 6.
 {¶ 18} In the case sub judice, a review of the transcript of the change of plea hearing reveals that the trial court did engage in the requisite dialogue with appellant and complied with the strictures of Crim.R. 11(C). We agree with appellant, however, that the court below failed to mention the possibility of the fact that the state sentences could be served concurrent to the federally imposed sentence. Despite this omission, there is also no evidence in the record of this cause to show that either the state court or the federal court contemplated concurrent sentences. While appellant has two documents issued by the federal court appended to his appellate brief, these documents are not part of the record of this cause. Therefore, this court cannot add them to the record and consider them on appeal. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 19} In his second assignment of error, appellant claims that he received ineffective assistance of counsel because his trial attorney breached an obligation to his client by failing to clearly delineate "that there were dual prosecutions involved, and that the federal judge and all involved believed that the state and federal sentences would be concurrent." According to appellant, this delineation was important because if the state was unwilling to commit to the concurrent sentences favored by the federal court, "the state sentencing should have occurred prior to the federal one."
 {¶ 20} The United States Supreme Court devised a two-prong test to determine ineffective assistance of counsel. Stricklandv. Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citing Strickland at 697. In Ohio, a properly licensed attorney is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 21} To repeat, the record of this cause does not include any evidence of a federally agreed upon commitment to impose federal and state sentences that are concurrent. In a direct criminal appeal, this court's review is limited to evidence presented at trial; we cannot consider matters outside the record before us. Ishmail, at paragraph one of the syllabus. See, also, State v. Cooperrider (1983), 4 Ohio St.3d 226, 228. Therefore, because appellant's ineffective assistance of counsel claim concerns facts that are outside the record, we cannot consider that claim on direct appeal. State v. Carter,89 Ohio St.3d 593, 606, 2000-Ohio-172. Accordingly, appellant did not demonstrate that his trial counsel breached any duty to his client, and appellant's second assignment of error is found not well-taken.
 {¶ 22} In his third and final assignment of error, appellant maintains, among other things, that Ohio's sentencing guidelines as they relate to the imposition of consecutive sentences are unconstitutional under Blakely v. Washington (2004),542 U.S. 296 and Booker v. United States (2005), 543 U.S. 220.
 {¶ 23} Appellant's third assignment of error is controlled by the Supreme Court of Ohio's decision in State v. Foster,
109 Ohio St.3d 1, 2006-Ohio-856, at paragraphs three and four of the syllabus, wherein the court held that R.C.R.C. 2929.14(E)(4) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004), 542 U.S. 296, andApprendi v. New Jersey (2000), 530 U.S. 466. Having relied on an unconstitutional statute when sentencing appellant, we find that the portion of appellant's sentence that orders his state sentence to be served consecutive to his federal sentence is void and must be vacated, and this case must be remanded to the trial court for redetermination of that issue only. Foster at ¶ 103 and ¶ 104. Appellant's third assignment of error is, therefore, found well-taken.
 {¶ 24} The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to the trial court for further proceedings consistent with this judgment. Appellant and appellee are ordered to pay the costs of this appeal in equal shares pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J., Concur.