[Cite as *State v. Letcher*, 2011-Ohio-4439.]

COURT OF APPEALS
STARK  COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                 :      JUDGES:
                                              :
                                              :      Hon.  Sheila G. Farmer, P.J.
              Plaintiff-Appellee              :      Hon.  John W. Wise, J.
                                              :      Hon.  Patricia A. Delaney, J.
-vs-                                          :
                                              :      Case No. 2010-CA-205
TORRION V. LETCHER                            :
                                              :
                                              :
              Defendant-Appellant             :      O P I N I O N


CHARACTER OF PROCEEDING:              Appeal from the Canton Municipal Court
                                      Case No. 2010-CRB-1811


JUDGMENT:                             AFFIRMED IN PART; REVERSED AND
                                      REMANDED FOR RESENTENCING

DATE OF JUDGMENT ENTRY:               August 22, 2011


APPEARANCES:

For Plaintiff-Appellee:                       For Defendant-Appellant:

TYRONE D. HAURITZ                             ERICA PRUITT VOORHEES
Chief Prosecuting Attorney                    Stark County Public Defender Office
City of Canton                                200 West Tuscarawas Street, Suite 200
ANTHONY J. FLEX                               Canton, Ohio  44702
Assistant Prosecuting Attorney
City of Canton
218 Cleveland Ave. SW
Canton, Ohio  44709

*Delaney, J.*

{¶1} Defendant-Appellant Torrion Letcher appeals from the judgment of the Canton Municipal Court, convicting him of Resisting Arrest and Disorderly Conduct. The State of Ohio is Plaintiff-Appellee.

{¶2} Appellant was arrested on May 7, 2010, for resisting arrest, a misdemeanor of the second degree, and disorderly conduct, a misdemeanor of the fourth degree. Appellant exercised his right to a jury trial.

{¶3} The record, as settled pursuant to App. R. 9, and as entered by the trial court, is as follows:

{¶4} Juror Number 11 was excused for cause at the agreement of the parties.

{¶5} Prosecutor Flex exercised his first peremptory challenge by excusing Juror Number 10, with no objection from Appellant's Attorney Voorhees.

{¶6} Attorney Voorhees exercised her first peremptory challenge by excusing Juror Number 5, with no objection from Prosecutor Flex.

{¶7} Prosecutor Flex exercised his second peremptory challenge by excusing Juror Number 25, with no objection from Attorney Voorhees.

{¶8} Attorney Voorhees exercised her second peremptory challenge by excusing Juror Number 19(A), with no objection from Prosecutor Flex.

{¶9} Prosecutor Flex exercised his final peremptory challenge by excusing Juror Number 21. Attorney Voorhees objected to this challenge. Attorney Voorhees argued that Juror 21 was the only African-American juror who could have been "reasonably" seated on the jury. Attorney Voorhees argued that this fact was pertinent due to the Defendant being of African-American descent. Attorney Voorhees cited to

*Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, as authority for her argument.

{¶10} The trial court noted Attorney Voorhees' objection to the dismissal of Juror Number 21 but overruled the objection.

{¶11} Juror Number 21 was excused and was not empanelled on the jury.

{¶12} Attorney Voorhees exercised her final peremptory challenge by excusing Juror Number 26A, with no objection from Prosecutor Flex.

{¶13} The prosecutor stated, and the trial court agreed, that the prosecutor gave a race neutral reason for dismissing Juror 21, that being that the juror stated that she may have known multiple parties on both sides of the case, and that it caused concern for the State. Specifically, the juror indicated that she knew Joe Martuccio from the Law Department. Moreover, there were two African-American jurors in the jury pool. By removing Juror Number 21, Juror Number 31 was seated on the jury, and Juror 31 was also African-American.

{¶14} Appellant was convicted as charged.

{¶15} Appellant raises two Assignments of Error:

{¶16} "I. THE TRIAL COURT ERRED IN FAILING TO ALLOW DEFENDANT HIS RIGHT TO ALLOCUTION.

{¶17} "II. THE TRIAL COURT ERRED IN SUSTAINING THE STATE'S PEREMPORTY CHALLENGE OF JUROR NUMBER 21 AND OVERRULING APPELLANT'S OBJECTION TO THE CHALLENGE ON GROUNDS THAT THE CHALLENGE WAS EXERCISED IN A DISCRIMINATORY MANNER."

I.

{¶18} In Appellant's first assignment of error, Appellant contends that the trial court erred by not allowing Appellant an opportunity to speak before imposing sentence as required by Crim. R. 32(A)(1).

{¶19} The Appellee concedes that the trial court erred in this regard. The appropriate measure to take is to remand the case for a resentencing in order to give the defendant the opportunity to speak prior to being sentenced. "In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution* * * resentencing is required* * *." *State v. Campbell*, 90 Ohio St.3d 320, 326, 2000-Ohio-183 738 N.E.2d 1178.

{¶20} Appellant's first assignment of error is well taken and is sustained.

II.

{¶21} In Appellant's second assignment of error, Appellant argues that the trial court erred in permitting the State to exercise a peremptory challenge against an African American juror pursuant to the Supreme Court's ruling in *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69. We disagree.

{¶22} In order to succeed on a *Batson* challenge, the complaining party must state a prima facie case of purposeful discrimination under *Batson*, supra. To do so, the party challenging the strike must demonstrate: (1) that members of a recognized racial group were peremptorily challenged; and (2) that the facts and circumstances raise an inference that the prosecutor used the peremptory challenge to exclude the jurors on account of their race. Whenever a party opposes a peremptory challenge by claiming racial discrimination "[a] judge should make clear, on the record, that he or she

understands and has applied the precise *Batson* test when racial discrimination has been alleged in opposition to a peremptory challenge." *Hicks v. Westinghouse Materials Co.*, 78 Ohio St.3d 95, 99, 1997-Ohio-227, 676 N.E.2d 872.

{¶23} In *Hicks*, supra, the Ohio Supreme Court set forth the *Batson* test as follows:

{¶24} "The United States Supreme Court set forth in *Batson* the test to be used in determining whether a peremptory strike is racially motivated. First, a party opposing a peremptory challenge must demonstrate a prima-facie case of racial discrimination in the use of the strike. Id. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87. To establish a prima-facie case, a litigant must show he or she is a member of a cognizable racial group and that the peremptory challenge will remove a member of the litigant's race from the venire. The peremptory-challenge opponent is entitled to rely on the fact that the strike is an inherently 'discriminating' device, permitting 'those to discriminate who are of a mind to discriminate'. *State v. Hernandez* (1992), 63 Ohio St.3d 577, 582, 589 N.E.2d 1310, 1313, certiorari denied (1992), 506 U.S. 898, 113 S.Ct. 279, 121 L.Ed.2d 206. The litigant must then show an inference of racial discrimination by the striking party. The trial court should consider all relevant circumstances in determining whether a prima-facie case exists, including all statements by counsel exercising the peremptory challenge, counsel's questions during voir dire, and whether a pattern of strikes against minority venire members is present. See, *Batson* at 96-97, 106 S.Ct. at 1723, 90 L.Ed.2d at 88. Assuming a prima-facie case exists, the striking party must then articulate a race-neutral explanation 'related to the particular case to be tried.' Id. at 95, 106 S.Ct. at 1724, 90 L.Ed.2d at 88. A simple affirmation of general good faith will not

suffice. However, the explanation 'need not rise to the level justifying exercise of a challenge for cause.' Id. at 97, 106 S.Ct. at 723, 90 L.Ed.2d at 88. The critical issue is whether a discriminatory intent is inherent in counsel's explanation for use of the strike; intent is present if the explanation is merely pretext for exclusion based on race. *Hernandez v. New York* (1991), 500 U.S. 352, 363, 111 S.Ct. 1859, 1868, 114 L.Ed.2d 395, 409. 78 Ohio St.3d. 98-9."

{¶25} Although the striking party must present a comprehensible reason, "[t]he second step of this process does not demand an explanation that is persuasive or even plausible"; so long as the reason is not inherently discriminatory, it suffices. *Purkett v. Elem* (1995), 514 U.S. 765, 767-768, 115 S.Ct. 1769. (per curiam); *Rice v. Collins* (2006), 546 U.S. 333, 126 S.Ct. 969, 973-74.

{¶26} Finally, the trial court must determine whether the party opposing the peremptory strike has proved purposeful discrimination. *Purkett v. Elem* (1995), 514 U.S. 765, 766-767, 115 S.Ct. 1769, 1770. It is at this stage that the persuasiveness, and credibility, of the justification offered by the striking party becomes relevant. Id. at 768, 115 S.Ct. at 1771. The critical question, which the trial judge must resolve, is whether counsel's race-neutral explanation should be believed. *Hernandez v. New York*, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395; *State v. Nash* (August 14, 1995), 5th Dist. No.1995 CA 00024. This final step involves considering "the persuasiveness of the justification" proffered by the striking party, but "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Purkett*, supra, at 768, 115 S.Ct. 1769; *Rice v. Collins*, supra at 126 S.Ct. 974.

{¶27} During voir dire, potential Juror Number 21 admitted that she knew multiple witnesses who may have been called to testify as well as a current or former attorney in the Canton City Prosecutor's office.

{¶28} The prosecutor then used a peremptory challenge to remove the juror. At that time, Appellant's attorney stated that Juror 21 was the only black juror on the panel who could have "reasonably" been seated on the jury. Trial counsel did not offer any further explanation to make a prima facie case as required in the first step of *Batson*. Trial counsel did not refer to any statements made by the prosecutor that would indicate that the challenge was discriminatory, did not point to a pattern of discrimination and did not point to specific questions in voir dire that would indicate a discriminatory motive.

{¶29} Moreover, even if Appellant had met his prima facie burden to go forward on the challenge, the trial court found that the witness knew multiple potential witnesses or parties in the case, thereby negating any perceived discriminatory intent.

{¶30} Juror 21 was removed from the panel and was replaced with Juror 32, who was also African-American. Accordingly, Appellant cannot establish purposeful discrimination. *Batson*, supra, at 98.

{¶31} We have recently stated that "the trial judge is best placed to consider the factors that underlie credibility: demeanor, context, and atmosphere. And the trial judge is best placed to determine whether, in a borderline case, a prosecutor's hesitation or contradiction reflect (a) deception, or (b) the difficulty of providing a rational reason for an instinctive decision. Appellate judges cannot on the basis of a cold record easily second-guess a trial judge's decision about likely motivation. These circumstances mean that appellate courts will, and must, grant the trial courts considerable leeway in

applying *Batson.*" *State v. Bulin*, 5th Dist. No. 2008-CA-00045, 2008-Ohio- 5691, at ¶55, quoting *Rice v. Collins*, supra at 126 S.Ct. at 977. (Breyer, J., concurring).

{¶32} We do not find that the dismissal of Juror 21 was in error and we find that the prosecutor's reason for using a peremptory challenge on Juror 21 was racially neutral.

{¶33} Appellant's second assignment of error is overruled.

{¶34} For the foregoing reasons, the judgment of the Canton Municipal Court is affirmed in part and reversed and remanded in part, for purposes of resentencing pursuant to Crim. R. 32(A).

By: Delaney, J.

Farmer, P.J. and

Wise, J. concur.

           HON. PATRICIA A. DELANEY

           HON. SHEILA G. FARMER

           HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO         :
                       :
        Plaintiff-Appellee    :
                       :
                       :
-vs-                    :      JUDGMENT ENTRY

TORRIAN V. LETCHER : 
:
Defendant-Appellant : Case No. 2010-CA-205
:

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed in part and reversed in remanded in part. Costs assessed equally to Appellant and Appellee.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SHEILA G. FARMER


_____
HON. JOHN W. WISE