OPINION
{¶ 1} Appellant Craig W. Henry, Jr. appeals from his conviction for possession of marihuana in the Ashland Municipal Court, Ashland County, Ohio. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 14, 2003, appellant was arrested by the Ashland City Police and charged with underage consumption of alcohol (R.C.4301.69(E)(1)), possession of drug paraphernalia (R.C. 2925.14(C)(1)), and possession of marihuana (Ashland Ordinance 513.03). Appellant entered pleas of not guilty to all charges in the Ashland Municipal Court.
 {¶ 3} The matter was ultimately set for jury trial on May 29, 2003. However, a change of plea hearing was conducted on May 19, 2003. At that time, appellant changed his plea to no contest on the possession of marihuana charge, which is a fourth-degree misdemeanor under the Ashland City Ordinances. The prosecutor thereupon entered a "nolle prosequi" as to the remaining two charges.
 {¶ 4} The colloquy between appellant and the trial judge pertaining to entering the plea is as follows:
 {¶ 5} "THE COURT: Are you doing this voluntarily?
 {¶ 6} "DEFENDANT: Yeah.
 {¶ 7} "THE COURT: Okay. Has your attorney explained the consequences of a no contest plea?
 {¶ 8} "DEFENDANT: Yeah.
 {¶ 9} "THE COURT: You understand that if the court accepts your plea, there is not going to be a trial in this matter where the State would have to prove your guilt beyond a reasonable doubt, where a lawyer would have the opportunity to cross examine witnesses or you would have a right to put witnesses on the stand on your own behalf?
 {¶ 10} "THE COURT: Do you understand that?
 {¶ 11} "DEFENDANT: Yes.
 {¶ 12} "THE COURT: This matter would be resolved this morning. Do you understand that?
 {¶ 13} "DEFENDANT: Yeah.
 {¶ 14} "THE COURT: Has anyone threatened or coerced you into changing your plea?
 {¶ 15} "DEFENDANT: No." Tr. at 5-6.
 {¶ 16} Appellant was found guilty on the marihuana possession charge, and sentenced to thirty days in jail, with fifteen days suspended, and one year probation. Appellant was also ordered to pay a fine and court costs, and his license was suspended for six months.
 {¶ 17} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 18} "I. The trial court committed prejudicial error by not advising the defendant-appellant of his rights pursuant to Ohio Rule of Criminal Procedure 11."
 I. {¶ 19} In his sole Assignment of Error appellant argues the trial court failed to properly advise him of his rights prior to accepting his no contest plea. We agree.
 {¶ 20} Crim.R. 11(E) reads in pertinent part as follows:
 {¶ 21} "(E) Misdemeanor cases involving petty offenses:
 {¶ 22} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 23} In State v. Hill (Feb. 12, 2001), Stark App. No. 2000CA00254, we cited the holding of City of Toledo v. Chiaverini
(1983), 11 Ohio App.3d 43, 44 as follows: "In order to comply with the above rule, the trial court should: ' * * * advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant.' " However, subsequent to our decision in Hill, the Ohio Supreme Court opined as follows in State v. Watkins (2003),99 Ohio St.3d 12, 16:
 {¶ 24} "If Crim.R. 11(C)(2)(c) [for pleas in felony cases] were merely defining what it means to instruct a defendant as to the effect of his plea, similar language would have been included in Crim.R. 11(D) and (E). That language is missing in the rules because those protections are not required for misdemeanor defendants."
 {¶ 25} We thus find Watkins has effectively abrogated further reliance on the rule of Chiaverini in regard to the magnitude of advisement a trial court must give a petty misdemeanant under Crim.R. 11(E). Cf. State v. Reda, Mahoning App. No. 02-CA-94, 2003-Ohio-4736. See, also, State v. Wornstaff, Delaware App. No. 02CA F 07 035,2003-Ohio-2035: "[T]here is `no requirement [in Crim.R. 11(E)] that a trial judge personally determine that a defendant is making a plea of guilty or no contest voluntarily in a misdemeanor case involving a petty offense.' " Id., quoting State v. Lane, Greene App. Nos. 2001-CA-92, 2001-CA-93, 2002-Ohio-1893.
 {¶ 26} The issue that remains for our present analysis is whether the colloquy in the case sub judice nonetheless satisfies the "effect of the plea" requirement of Crim.R. 11(E). In State v. Songer (May 30, 2002), Richland App. No. 01CA82, for example, we held that the nature of a particular offense and potential penalties are not part of the "effect" of a no contest plea. Id. at 7. In reaching our conclusion in Songer, we reviewed the language of Crim.R. 11(B), which provides, in relevant part: "(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:. . . . (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 27} In the case sub judice, although the trial court commendably instructed appellant that upon the acceptance of his plea, there would be no trial in which the State would face a burden of proof of beyond a reasonable doubt, and there would further be no opportunity to cross-examine witnesses or to call witnesses (Tr. at 5-6, supra), we find the court failed to substantially advise appellant of the effect of his plea as defined under Crim.R. 11(B)(2).
 {¶ 28} Accordingly, appellant's sole Assignment of Error is sustained.
 {¶ 29} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court, Ashland County, Ohio, is hereby reversed. Appellant's plea of no contest is hereby vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion.