OPINION
{¶ 1} Defendant-appellant Debbie Lou Beamer appeals her conviction and sentence from the Coshocton Municipal Court on one count of leaving the scene of an accident. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 31, 2004, appellant was cited for leaving the scene of an accident in violation of R.C. 4549.02(A), a misdemeanor of the first degree, and improper lane change in violation of R.C. 4511.33(A), a minor misdemeanor. At her arraignment on January 6, 2005, appellant entered a plea of not guilty to the two charges.
 {¶ 3} Subsequently, on January 31, 2005, appellant withdrew her former not guilty plea and pled guilty to the charge of leaving the scene of the accident. The remaining charge was dismissed upon the State's motion. Pursuant to a Judgment Entry filed on January 31, 2005, appellant was ordered to serve sixty (60) days in jail, with fifty-six (56) of those days suspended, and was fined $400.00, of which $250.00 was suspended. In addition, appellant's driver's license was suspended for a period of six months and appellant was ordered to pay restitution in the amount of $2,373.80 within six months. Appellant was also ordered to perform sixty (60) hours of community service and was placed on probation for a period of two years.
 {¶ 4} On March 1, 2005, appellant filed a Notice of Appeal in Case No. 05 CA 004 from the trial court's January 31, 2005, Judgment Entry.
 {¶ 5} On the same date, appellant filed a Motion to Withdraw Guilty Plea Pursuant to Crim.R. 32.1. Appellant, in an affidavit attached to such motion, alleged that, at the time she entered her guilty plea, she "was lead to believe that [her attorney] had negotiated a plea bargain, whereby [appellant] would plead to a lesser charge than originally charged with, and where [appellant] would admit leaving the scene of the accident, but would not admit having caused the accident." Appellant, in her motion, further alleged that had she known that, by pleading guilty to the charge, she would be admitting culpability for causing the accident, she would not have accepted the plea and that she received ineffective assistance of trial counsel.
 {¶ 6} As memorialized in a Judgment Entry filed on March 3, 2005, the trial court denied appellant's Motion to Withdraw Guilty Plea, stating, in relevant part, as follows:
 {¶ 7} ". . . it is the finding of the Court that the Court inquired of the defendant more than once if she understood the proceedings and the consequences of pleading guilty and she replied in the affirmative. She also signed a waiver of rights and change of plea (to guilty) form. This Court further does not agree with defense counsel's interpretation of O.R.C. 4549.02 in that only the person causing (emphasis added) an accident or damages is required to remain at the scene of such accident or to report such accident to a law enforcement officer."
 {¶ 8} Pursuant to an Order filed on March 28, 2005, this Court remanded the matter to the trial court for purposes of ruling on appellant's Motion to Withdraw Plea. This Court, in its Order, stated that the trial court's March 3, 2005, Judgment Entry was void since it was filed after appellant's Notice of Appeal was filed. Pursuant to a Judgment Entry filed on March 28, 2005, the trial court reiterated its decision denying appellant's motion.
 {¶ 9} On April 27, 2005, appellant filed a Notice of Appeal in Case No. 05 CA 011 from the trial court's March 28, 2005, Judgment Entry. Upon appellant's motion, Case Nos. 05 CA 004 and 05 CA 011 were consolidated for purposes of appeal.
 {¶ 10} Appellant now raises the following assignments of error on appeal:
 {¶ 11} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HER GUILTY PLEA PURSUANT TO CRIM R. 32.1
 {¶ 12} "II. THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO CRIM R. 32.1.
 {¶ 13} "III. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT SUFFICIENTLY FIRST INFORMING THE DEFENDANT OF THE EFFECT OF THE PLEA OF GUILTY, AS IS REQUIRED PURSUANT TO CRIM. R. 11(E).
 {¶ 14} "IV. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN THAT SAID TRIAL COUNSEL MADE ERRORS SO SERIOUS THAT COUNSEL DID NOT FUNCTION AS COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE I, SECTIONS 2 AND 10 OF THE OHIO CONSTITUTION.
 {¶ 15} "V. APPELLANT'S SENTENCE IS VOID, IN THAT APPELLANT WAS SENTENCED TO JAIL TIME AND PAYMENT OF A FINE WITHOUT THE TRIAL COURT SUFFICIENTLY EXPLAINING THE RATIONALE FOR SUCH COMPOUNDING OF PENALTIES.
 {¶ 16} "VI. THE TRIAL COURT ERRED AND DENIED APPELLANT HER DUE PROCESS RIGHTS BY ORDERING RESTITUTION FOR DAMAGES SUSTAINED IN A DISPUTED MOTOR VEHICLE ACCIDENT, AND NOT INCURRED AS A RESULT OF THE ALLEGED CRIME.
 {¶ 17} "VII. THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON RESTITUTION, AS REQUIRED BY O.R.C. 2929.28(A)(1)."
 {¶ 18} For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.
 III {¶ 19} Appellant, in her third assignment of error, argues that the trial court erred in accepting her guilty plea without first informing appellant of the effect of the plea, in violation of Crim.R. 11(E). We agree.
 {¶ 20} Crim.R. 11(E), which governs guilty or no contest pleas in misdemeanor cases involving petty offenses, reads as follows: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shallnot accept such pleas without first informing the defendant ofthe effect of the plea of guilty, no contest, and not guilty." (Emphasis added). "Petty offense" is defined as "a misdemeanor other than serious offense". Crim R. 2(D). In turn, Crim. R. 2(C) states that a serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."
 {¶ 21} In the case sub judice, appellant was charged with leaving the scene of an accident in violation of R.C. 4549.02(A), a first degree misdemeanor. The maximum penalty the trial court could impose upon appellant was a period of imprisonment of "not more than one hundred eighty days". R.C. 2929.24. As such, appellant was convicted of a petty offense.
 {¶ 22} Crim.R. 11(B), captioned "Effect of guilty or no contest pleas", states as follows:
 {¶ 23} "With reference to the offense or offenses to which the plea is entered:
 {¶ 24} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 25} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 {¶ 26} "(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32."
 {¶ 27} In the case sub judice, the trial court stated on the record as follows in accepting appellant's plea:
 {¶ 28} "THE COURT: Ms. Beamer, do you understand what's happening here this afternoon?
 {¶ 29} "THE DEFENDANT: Yes, sir.
 {¶ 30} "THE COURT: Do you understand the rights you are giving up by pleading guilty to this charge?
 {¶ 31} "THE DEFENDANT: Yes.
 {¶ 32} "THE COURT: Is this being done voluntarily and of your own free will?
 {¶ 33} "THE DEFENDANT: Yes.
 {¶ 34} "THE COURT: Anyone promised you anything to get you to change your plea other than what's been stated by Mr. Skelton?
 {¶ 35} "THE DEFENDANT: No sir.
 {¶ 36} "THE COURT: Very well. The court will accept the plea, will grant the state's motion to dismiss the lane change violation." Transcript at 3.
 {¶ 37} Based on the foregoing, it is clear that the trial court did not inform appellant of the "effect" of her plea as required by Crim.R. 11(E). Appellant was not advised that, by pleading guilty, she was completely admitting her guilt. See for example State v. Henry, Ashland App. No. 03COA024,2003-Ohio-6048. Moreover, while appellant signed a "Waiver of (Jury) Trial and Change of Plea" form on January 31, 2005, such form does not inform appellant of the "effect" of her plea. Furthermore, this Court had held that a trial court, in accepting a plea, is required to orally advise an accused of his or her rights and that a written waiver of rights is not a substitute for a dialogue between the trial court and the accused. See, for example, State v. Kasmer (Nov. 21, 2003), Muskingum App. No. CT2002-0048, 2003 WL 22834752.
 {¶ 38} Appellant's third assignment of error is, therefore, sustained.
 I, II, IV, V, VI, VII {¶ 39} Based on our disposition of appellant's third assignment of error, appellant's remaining assignments of error are moot.
 {¶ 40} Accordingly, the judgment of the Coshocton Municipal Court is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Coshocton Municipal Court is reversed and this matter is remanded for further proceedings. Costs assessed to appellee.