OPINION *Page 2 
{¶ 1} Defendant-appellant Jason Monk appeals his conviction and sentence entered by the Licking County Municipal Court, on the charge of Telecommunications Harassment following a plea of no contest.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 3} On September 5, 2007, Mr. Jason Monk was charged with two misdemeanor counts of Telecommunications Harassment.
 {¶ 4} On September 10, 2007, Appellant appeared before the trial court, at which time he entered pleas of Not Guilty to each count contained in the complaint.
 {¶ 5} On September 28, 2007, Appellant again appeared before the trial court and entered a plea of No Contest to each of the offenses charged.
 {¶ 6} Appellant executed two forms signed by his attorney and himself to plead no contest to the charges against him, with a stipulated finding of guilty. (T. at 2). On those forms, Appellant waived his right to a verbal explanation of the facts by the trial court of the surrounding charges. Id.
 {¶ 7} After accepting the pleas entered by Appellant, the trial court proceeded to sentence Appellant to maximum sentences on each count, the sentences to be served concurrently to one another. (T. at 4).
 {¶ 8} Defendant-Appellant now appeals, raising the following assignments of error: *Page 3 
 ASSIGNMENTS OF ERROR {¶ 9} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE NO CONTEST PLEAS OF THE DEFENDANT-APPELLANT.
 {¶ 10} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT WITHOUT MAKING A GUILTY FINDING FOLLOWING THE ENTRY TO THE NO CONTEST PLEAS BY THE DEFENDANT-APPELLANT.
 {¶ 11} "III. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT WITHOUT FIRST AFFORDING THE DEFENDANT-APPELLANT THE OPPORTUNITY TO ADDRESS THE COURT ON HIS OWN BEHALF."
 I. {¶ 12} In Appellant's first assignment of error, Appellant argues that the trial court erred in accepting his no contest pleas. We disagree.
 {¶ 13} More specifically, Appellant argues that the trial court failed to comply with Crim. R. 11(E), which provides:
 {¶ 14} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not acceptsuch pleas without first informing the defendant of the effect of theplea of guilty, no contest, and not guilty." (Emphasis added).
 {¶ 15} "Petty offense" is defined as "a misdemeanor other than serious offense". Crim R. 2(D). In turn, Crim. R. 2(C) states that a serious offense "means any felony, and *Page 4 
any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."
 {¶ 16} In the case sub judice, Appellant was charged with two counts of telephone harassment, both first degree misdemeanors. The maximum penalty the trial court could impose upon Appellant was a period of imprisonment of "not more than one hundred eighty days". R.C. § 2929.24. As such, Appellant was convicted of a petty offense.
 {¶ 17} In State v. Jones, 116 Ohio St.3d 211, 2007-Ohio-6093,877 N.E.2d 677, at paragraphs one and two of the syllabus, the Ohio Supreme Court held as follows:
 {¶ 18} "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered. Crim. R. 11(E) construed.
 {¶ 19} "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim. R. 11(B)."
 {¶ 20} Crim. R. 11(B), captioned "Effect of guilty or no contest pleas", states as follows:
 {¶ 21} "With reference to the offense or offenses to which the plea is entered:
 {¶ 22} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 23} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. *Page 5 
 {¶ 24} "(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32."
 {¶ 25} In the case sub judice, the trial court stated on the record as follows in accepting Appellant's plea:
 {¶ 26} THE COURT: "And we're here today with Mr. Shook, Christopher Hook, and his client, Mr. Monk. The Court's been informed that Mr. Monk wished to withdraw his Not Guilty pleas on a Telephone Harassment, two Telephone Harassment charges, I guess, and enter pleas of No Contest with a stipulated finding of Guilty. Is that correct Mr. Shook?
 {¶ 27} THE DEFENDANT: "That is correct, Your Honor.
 {¶ 28} THE COURT: "Mr. Monk, is that what you wish to do?
 {¶ 29} THE DEFENDANT: "Yes it is.
 {¶ 30} THE COURT: "You understand you don't have to do that. You could have a trial if you wish?
 {¶ 31} THE DEFENDANT: "Yes.
 {¶ 32} THE COURT: "You understand that by changing your plea to No Contest you're not admitting you're guilty, but I will find you guilty?
 {¶ 33} THE DEFENDANT: "Yes.
 {¶ 34} THE COURT: "And you understand that you could go to jail for six months on these charges?
 {¶ 35} THE DEFENDANT: "Yes." (T. at 2). *Page 6 
 {¶ 36} Based on the foregoing, it is clear that the trial court did inform Appellant of the "effect" of his plea as required by Crim. R. 11(E). Moreover, Appellant signed a "Change of Plea From Not Guilty to No Contest with Attorney" form which also informed Appellant of the "effect" of his plea, wherein it stated, inter alia:
 {¶ 37} "In the presence of my attorney, I hereby acknowledge and state that I have asked the Court for permission to withdraw my previously entered plea of Not Guilty and enter a plea of No Contest to the charge of: Telecommunications Harassment, in violation of Ohio Revised Code 2917.21, a misdemeanor of the first degree, carrying a possible maximum penalty of a fine up to $1,000.00, a jail sentence of 180 days and/or both.
 {¶ 38} "I hereby state and understand the following:
 {¶ 39} "That the plea of No Contest is not an admission of my guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission cannot be used against me in any subsequent civil or criminal proceeding.
 {¶ 40} "That by my plea, I am hereby waiving my right to a verbal explanation of the facts by the Court, surrounding the charged offense.
 {¶ 41} "* * * "See Change of Plea form, Sept. 28, 2007.
 {¶ 42} Based on the foregoing, we find that the trial court complied with Crim. R. 11 and that the trial court did not err in accepting Appellant's plea of no contest.
 {¶ 43} Appellant's first assignment of error is overruled. *Page 7 
 II. {¶ 44} In his second assignment of error, Appellant argues that the trial court erred in sentencing him without first making a guilty finding on the record. We disagree.
 {¶ 45} Appellant argues that while the trial court informed Appellant that "by changing your plea to No Contest you're not admitting you're guilty, but I will find you guilty", the trial court never actually stated that it was finding him guilty and therefore lacked the authority to impose sentence on Appellant.
 {¶ 46} We have reviewed the transcript of the change of plea hearing and the change of plea form, as set forth above, and the journal entry which states:
 {¶ 47} "The defendant having entered a written request for permission of the court to change his/her plea to No Contest, the same is accepted as evidence by the attached written change of plea form and a finding of guilty is entered."
 {¶ 48} Based on the foregoing, we find that the trial court did enter a guilty finding in this matter and did not err in proceeding to sentence Appellant accordingly.
 {¶ 49} Based upon the foregoing, we find Appellant's second assignment of error not well-taken and hereby overrule same.
 III. {¶ 50} In his third assignment of error, Appellant argues that the trial court erred in failing to give him the opportunity to address the court on his own behalf prior to sentencing. We agree.
 {¶ 51} Criminal Rule. 32(A)(1) requires a trial court to personally address the defendant before sentencing and ask if he or she wishes to make a statement. Crim. R. 32(A)(1) provides in pertinent part: *Page 8 
 {¶ 52} "Sentence shall be imposed without unnecessary delay. * * * At the time of imposing sentence, the court shall do all of the following:
 {¶ 53} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 54} Upon review of the transcript of the change of plea proceedings, we find that while the trial court gave Appellant's attorney an opportunity to speak on behalf of Appellant, it failed to afford Appellant an opportunity to make a statement on his own behalf.
 {¶ 55} In State v. Campbell (2000), 90 Ohio St.3d 320,738 N.E.2d 1178, the Ohio Supreme Court examined a capital case where the trial court did not afford the defendant the right of allocution before sentencing. The court held:
 {¶ 56} "1. Pursuant to Crim. R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 57} "2. Crim. R. 32(A)(1) applies to capital cases and noncapital cases.
 {¶ 58} "3. In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim. R. 32(A), resentencing is required unless the error is invited error or harmless error." Id., at paragraphs one, two, and three of the syllabus.
 {¶ 59} "The right of a defendant to make a final statement prior to sentencing applies to both misdemeanor and felony convictions."State v. Jones, 7th Dist. No. 02-BE-65, *Page 9 
2003-Ohio-3285, at ¶ 15, State v. Robenolt, 7th Dist. No. 04 MA 104,2005-Ohio-6450, ¶ 14.
 {¶ 60} Appellant's third assignment of error is sustained.
 {¶ 61} The judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion,
 Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties. *Page 1