[Cite as *State v. Robinson*, 2014-Ohio-3581.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| TERESA ROBINSON | : | Case No. 2013CA00244 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Massillon Municipal
                            Court, Criminal Division, Case No.
                            2013CRB01824


JUDGMENT:                   Affirmed in Part, Reversed and
                            Remanded in Part


DATE OF JUDGMENT:           August 18, 2014


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

ANTHONY LAPENNA                         EDWARD M. HEINDEL
Assistant Prosecuting Attorney          450 Standard Building
2 James Duncan Plaza #1                  1370 Ontario Street
Massillon, OH 44646                     Cleveland, OH 44113

*Baldwin, J.*

{¶1} Defendant-appellant Teresa Robinson appeals her conviction and sentence from the Massillon Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 9, 2013, a complaint was filed in the Massillon Municipal Court alleging that appellant had committed the offense of menacing by stalking in violation of R.C. 2903.211(A), a misdemeanor of the first degree. At her arraignment on August 13, 2013, appellant entered a plea of not guilty to the charge.

{¶3} Subsequently, on October 23, 2013, appellant withdrew her former not guilty plea and entered a no contest plea. The trial court found appellant guilty of the charge. As memorialized in a Journal Entry filed on November 27, 2013, appellant was fined $500.00 and ordered to serve 180 days in jail. Of the 180 days, all except 10 days were suspended. In addition, appellant was ordered to complete 100 hours of community service work, was placed on probation for a period of five years and was ordered to pay restitution in the amount of $1,600.00.

{¶4} Appellant now raises the following assignments of error on appeal:

{¶5} THE TRIAL COURT ERRED WHEN IT DID NOT COMPLY WITH CRIMINAL RULE 11(E) BEFORE ACCEPTING ROBINSON'S NO CONTEST PLEA.

{¶6} THE TRIAL COURT ERRED WHEN IT DID NOT PROVIDE ROBINSON HER RIGHT OF ALLOCUTION AT SENTENCING IN ACCORDANCE WITH CRIMINAL RULE 32.

I

{¶7}    Appellant, in her first assignment of error, argues that the trial court erred when it failed to comply with Crim.R. 11(E) before accepting her no contest plea.

{¶8}    Crim. R.11 governs pleas and a defendant's rights upon entering a plea as follows:

{¶9}    "(A) Pleas

{¶10}   "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas may be made orally. The pleas of not guilty and not guilty by reason of insanity may be joined. If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant.

{¶11}   " * * *

{¶12}   "(D) Misdemeanor cases involving serious offenses

{¶13}   "In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

{¶14}   "(E) Misdemeanor cases involving petty offenses

{¶15} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." *Id.* Crim.R. 11 (B) states, in relevant part, as follows: "Effect of guilty or no contest pleas

"With reference to the offense or offenses to which the plea is entered:…

" (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding…."

{¶16} Crim.R. 2(D) defines a "petty offense" as: "a misdemeanor other than a serious offense." "Serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

{¶17} "In *State v. Jones,* 116 Ohio St.3d 211, 877 N.E.2d 677, 2007 Ohio 6093, * * *, the Supreme Court of Ohio was asked to 'clarify the trial judge's duties under Crim.R. 11 when accepting a plea in a misdemeanor cases involving a petty offense.' *Id.* at ¶ 1, 877 N.E.2d 677. The court held that '[i]n accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered.' *Id.* at paragraph one of the syllabus. * * * In order to satisfy this requirement, the trial court 'must inform the defendant of the appropriate language under Crim.R. 11(B).' *Id.* at paragraph two of the syllabus." *State v. Parish,* 11th Trumbull Dist. No.2010–T–0105, 2011–Ohio–3751, ¶ 8.

{¶18}   The offense of menacing by stalking as charged against appellant is a first degree misdemeanor for which the penalty prescribed by law does not include confinement for more than six months. Thus, the trial court was required to follow the procedure set forth in Crim.R. 11(E).

{¶19}   In the case sub judice, the trial court did not recite the language from Crim.R. 11(B) to explain the effect of the plea.  We find, however, that this error is harmless.  Because the rights contained in Crim.R. 11(B) and 11(E) are nonconstitutional; appellant must show that she suffered some prejudice from the court's omission. *Jones* at ¶ 52. The test for prejudice is "whether the plea would have otherwise been made." *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). A defendant who has entered a guilty or no contest plea without asserting actual innocence is presumed to understand the effect of the plea, and the court's failure to inform the defendant of the effect of the plea as required by Crim.R. 11 is presumed not to be prejudicial.  See *Griggs* at syllabus.

{¶20}   We note that appellant does not argue that she was prejudiced by the trial court's failure to advise her of the effect of her no contest plea.  Moreover, there is no evidence of prejudice apparent on the record.  Appellant, who was represented by counsel, never asserted her innocence or indicated that she was unaware that her plea would constitute an admission of the truth of the facts alleged.   At the plea hearing, appellant admitted that she wanted to plead no contest. Therefore, under the totality of the circumstances; we find no prejudice resulting from the court's failure to explain the effect of the plea as defined in Crim.R. 11(B).

{¶21}   Appellant's first assignment of error is, therefore overruled.


II

{¶22}   Appellant, in her second assignment of error, argues that the trial court erred in denying her right to allocution pursuant to Crim.R. 32.

{¶23}   Crim. R. 32 addresses the trial court's duty upon imposition of sentence. The rule provides, in relevant part, as follows:

{¶24}   "(A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:

{¶25}   "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment…."

{¶26}   In the case sub judice, the trial court did not personally address appellant and ask her if she wanted to make a statement on her own behalf. As noted by this Court in *State v. Letcher*, 5th Dist. Stark No. 2010–CA–205, 2011-Ohio-4439, "the appropriate measure to take is to remand the case for a resentencing in order to give the defendant the opportunity to speak prior to being sentenced. 'In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution* * * resentencing is required* * *.' *State v. Campbell,* 90 Ohio St.3d 320, 326, 2000–Ohio–183 738 N.E.2d 1178." Id at paragraph 19.

{¶27}   Appellant's second assignment of error is, therefore, sustained.

{¶28}   Accordingly, the judgment of the Massillon Municipal Court is affirmed in part and reversed and remanded in part, for purposes of resentencing pursuant to Crim. R. 32(A).

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.