[Cite as *State v. Kami*, 2020-Ohio-5110.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 19 CAC12 0065 |
| | : | |
| DHAN KAMI | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware Municipal
                                Court, Case No. 19 TRC 10812

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         October 29, 2020

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

AMELIA BEAN-DEFLUMER                     MARK J. MILLER
70 North Union St.                      555 City Park Ave.
Delaware, OH 43015                      Columbus, OH 43215

*Delaney, J.*

{¶1}　Appellant Dhan Kami appeals from the November 12, 2019 Judgment Entry of the Delaware Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}　The following statement of facts is taken from appellee's statement at the change-of-plea and sentencing hearing on November 12, 2019.

{¶3}　This case arose in Delaware County on August 10, 2019, when appellant operated a motor vehicle, traveled off the right side of the roadway, and crossed marked lanes of travel.  An officer attempted to stop the vehicle but it failed to respond to lights and sirens and traveled another mile before stopping.  Appellant was found to be the operator of the vehicle.  Based upon his interactions with appellant, the officer asked appellant to submit to field sobriety testing and appellant complied.  As a result of the field sobriety tests, appellant was arrested for O.V.I.  Appellant agreed to submit to a breath alcohol test and the result was .198.

{¶4}　Appellant was charged by Uniform Traffic Ticket (U.T.T.) with one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a) [Count I], one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(h) [Count II], and one count of marked lanes pursuant to R.C. 4511.33 [Count III].

{¶5}　On August 14, 2019, appellant appeared for arraignment and entered pleas of not guilty.  The "Journal Entry/Magistrate Decision" of that date notes, e.g., "Need Nepali interp."

{¶6}　The matter proceeded to a pretrial hearing on September 4, 2019, at which appellant was represented by counsel.  The "Journal Entry Criminal/Traffic Pre-trial

Conference Memorandum" of that date notes discovery was incomplete because defense counsel needed to view the video of the traffic stop, and a plea offer was made to O.V.I. A handwritten notation states, "Counsel for Defendant to inspect video b/f accepting offer."

{¶7}   The matter was scheduled for a change-of-plea hearing on November 12, 2019.

{¶8}   On November 12, 2019, an "Appointment and Oath of Interpreter" was filed. This document states the defendant does not speak English and his spoken language is Nepali; identifies the interpreter by name [Devi Sharma]; and provides the interpreter's address and telephone number.  The form includes an "Oath of Interpreter" stating the following:

> * * * *.
>
> The undersigned having been duly sworn says:
>
> I will make  a true interpretation of the herein proceedings and I will truly, fully, and accurately translate and repeat the statements made during the proceedings to the best of my ability.
>
> I am fluent in the following languages:
>
> Language: English, Native: No; Years spoken if not native: 35
>
> Language: Nepali; Native: Yes
>
> I have the following special language training: [blank]
>
> I have no interest in the outcome of these proceedings and I am not related to, or associated with any of the witnesses or parties in the case except as follows: [blank]

I have conversed with the non English (*sic*) speaking person identified herein. I certify said person speaks the language shown above with which I am fluent. I am able to accurately provide translation to and from English. I will not divulge to any person any information regarding attorney-client communications.

/s/ Devi Sharma

Sworn to an subscribed in my presence on

November 12, 2019

/s/ Donna Brown

Bailiff

{¶9}   On November 12, 2019, appellant changed his plea to guilty upon Count I, O.V.I. pursuant to R.C. 4511.19(A)(1)(a).   Appellee dismissed Counts II and III.  The trial court sentenced appellant to, e.g., 180 days in jail with 177 suspended on the condition that appellant attend a 3-day Driver Intervention Program.

{¶10} Appellant now appeals from the trial court's judgment entry of November 12, 2019.

{¶11} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶12} "I.   THE TRIAL COURT ERRED IN FAILING TO SWEAR IN THE INTERPRETER, VERIFYING THE INTERPRETER'S CREDENTIALS, AND ESTABLISHING THAT THE INTERPRETER WAS FLUENT IN BOTH THE ENGLISH AND NEPALI LANGUAGES PRIOR TO USING THE INTERPRETER FOR INTERPRETATION DURING THE APPELLANT'S PLEA HEARING."

{¶13} "II.   THE TRIAL COURT ERRED IN ACCEPTING THE APPELLANT'S GUILTY PLEA."

{¶14} "III.   THE APPELLANT WAS DEPRIVED [OF] EFFECTIVE ASSISTANCE OF COUNSEL."

## ANALYSIS

### I., II.

{¶15} Appellant's first and second assignments of error are related and will be considered together.   Appellant argues the trial court did not properly swear in the interpreter, verify the interpreter's credentials or establish the interpreter's fluency in English and Nepali.  Appellant also argues the trial court erred in accepting his guilty plea. We disagree.

*Appellant's plea of guilty to petty misdemeanor*

{¶16} Pursuant to Ohio Crim. R. 11(E), "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.* * * *."  Pursuant to Crim.R. 2(C) and 2(D), a "serious offense" includes a misdemeanor "for which the penalty prescribed by law includes confinement for more than six months," and a petty misdemeanor is any other misdemeanor offense. Here, appellant's OVI charge was a first-degree misdemeanor punishable by up to 180 days in jail; therefore, a petty misdemeanor.  R.C. 4511.19(G)(1)(a). The trial court was required only to inform appellant of the effect of his guilty plea, "i.e., that his guilty plea was a complete admission of guilt." *State v. Faulkner*, 2nd Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 14.

{¶17} Appellant argues the trial court "failed to specifically inquire whether the plea was being offered voluntarily," did not address appellant personally, and failed to advise appellant of the potential penalties involved as a consequence of his guilty plea. As noted supra, the trial court was obligated only to advise appellant of "the effect of the plea being entered," and the issue posed here is whether the trial court satisfied this requirement.

{¶18} In *Newark v. Monk*, 5th Dist. Licking No. 07 CA 132, 2008-Ohio-5330, at ¶ 16-24, we looked to the decision of the Ohio Supreme Court in *State v. Jones,* 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at paragraphs one and two of the syllabus, for guidance as to how a trial court must advise a defendant of "the effect of the plea being entered":

> In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered. Crim.R. 11(E) construed.
>
> To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B).

{¶19} Crim.R. 11(B), captioned "Effect of guilty or no contest pleas", states as follows:  With reference to the offense or offenses to which the plea is entered:  (1) The plea of guilty is a complete admission of the defendant's guilt.  (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.  (3) When a plea of

guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim.R. 32.

{¶20} In the instant case, the record reveals the following colloquy:

* * * *.

THE COURT:  Before I can accept any plea, I need to make sure you understand your constitutional rights, Mr. Kami.  Did you read through this form and go over your rights with your attorney?

THE INTERPRETER:  Yes, Your Honor.

THE COURT:  And do you have any questions about your rights?

THE INTERPRETER:  No, Your Honor.

THE COURT:  [Defense trial counsel], do you wish me to go through any rights more formally?

DEFENSE TRIAL COUNSEL:  No, we wouldn't.  We went extensively over them.

THE COURT:  Very good.  Mr. Kami, in understanding your rights, do you now wish to waive or give them up and enter a guilty plea today?

THE INTERPRETER:  Yes, Your Honor.

THE COURT:  Do you understand that a guilty plea is a complete admission of your guilt, that you acknowledge your guilt and accept legal consequences that flow from your actions?

THE INTERPRETER:  Yes, Your Honor.

THE COURT: Do you understand the maximum penalties you're facing here today?

THE INTERPRETER: Yes, Your Honor.

THE COURT: Do you understand the minimum penalties that you're facing here today?

THE INTERPRETER: Yes, Your Honor.

THE COURT: Do you understand that sentencing is completely up to me?

THE INTERPRETER: Yes, Your Honor.

THE COURT: Do you understand that if you're not a United States citizen, any plea of conviction could result in your deportation, your exclusion from admission into the United States, and/or denial of naturalization under United States laws?

THE INTERPRETER: Yes, Your Honor.

THE COURT: Do you understand or has anybody promised you anything or threatened you to get you to admit here today or plea here today?

THE INTERPRETER: No, Your Honor.

THE COURT: And are you under the influence of drugs or alcohol here today?

THE INTERPRETER: No, Your Honor. I'm not drinking anything.

THE COURT: All right. Very good. * * * *.

T. 4-6.

{¶21} The form referenced by the trial court is a "Waiver of Rights/Plea Agreement/Plea" filed November 12, 2019, signed by appellant and defense trial counsel. That form acknowledges the rights appellant waived by entering his plea of guilty to one count of O.V.I.  See, *Newark v. Monk*, supra, 2008-Ohio-5330, at ¶ 36.

{¶22} Although appellant does not reference Crim.R. 11(B) in his argument, he acknowledges he entered a plea of guilty to a petty offense. We understand his argument to be, therefore, that the trial court's colloquy above did not effectively inform appellant of the effect of his plea of guilty. We have previously found a trial court's failure to recite the language of Crim.R. 11(B) explaining the effect of a plea to be harmless. *State v. Robinson*, 5th Dist. Stark No. 2013CA00244, 2014-Ohio-3581, ¶ 19.   Appellant's summary arguments do not specify how the trial court erred, much less how appellant was prejudiced.   Because the rights contained in Crim.R. 11(B) and 11(E) are nonconstitutional, appellant must show that he suffered some prejudice from the court's omission. *Id.* The test for prejudice is "whether the plea would have otherwise been made." *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).  Appellant does not argue he was prejudiced by the trial court's alleged failure to advise him of the effect of his guilty plea and there is no evidence of prejudice apparent on the record. *Robinson*, supra at ¶ 20.  Appellant was represented by counsel throughout the case, including the guilty plea.  The record further demonstrates that at no time did appellant communicate to the trial court that he was confused or lacked understanding as to the implications of entering a guilty plea or the rights he would be waiving.  We note this is a plea to a first-

time O.V.I., albeit with a high breath test, and appellant received standard first-time O.V.I. penalties.  The minor misdemeanor traffic offense was dismissed.

{¶23} Based on the foregoing, we find the trial court advised appellant of the "effect" of his plea as required by Crim.R. 11(E). Appellant was advised that, by pleading guilty, he was completely admitting his guilt. *State v. Beamer*, 5th Dist. Coshocton No. 05CA004, 2005-Ohio-7065, ¶ 37, citing *State v. Henry,* 5th Dist. Ashland No. 03COA024, 2003-Ohio-6048. The trial court, in accepting the plea, orally advised appellant of his rights during a dialogue with appellant. *Beamer*, supra, citing *State v. Kasmer*, 5th Dist. Muskingum No. CT2002-0048, 2003 WL 22834752 (Nov. 21, 2003).

*The role of the interpreter, his oath, and his qualifications*

{¶24} Appellant's argument regarding the voluntariness of his guilty plea, though, is intertwined with his argument that the interpreter was not properly sworn by the trial court.  As noted in the plea colloquy supra, the interpreter, not appellant, responded to the trial court's questions.

{¶25} "[I]n a criminal case the defendant is entitled to hear the proceedings in a language he can understand." *State v. Pina*, 49 Ohio App.2d 394, 399, 361 N.E.2d 262 (2nd Dist.1975). The trial court has the discretion to determine whether the defendant requires an interpreter for assistance. *State v. Saah*, 67 Ohio App.3d 86, 95, 585 N.E.2d 999 (8th Dist.1990). In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶26} We first note the record does not contain any written or oral motion by appellant to appoint an interpreter; the need for a Nepali interpreter arose at arraignment as reflected by the notation in the judgment entry. "[W]hether a party or witness is entitled to an interpreter is initially based on the trial court's assessment of their apparent ability to comprehend and communicate in English." *State /City of Toledo v. Abdugheneima*, 6th Dist. Lucas No. L-17-1013, 2017-Ohio-8423, ¶ 12, citing *State v. Luna–Corona v. Esquivel–Parrales*, 12th Dist. Butler No. CA2008–07–175, 2009–Ohio–2628, ¶ 10, internal citation omitted.

{¶27} The "Appointment and Oath of Interpreter" filed November 12, 2019 contains a sworn affidavit of the interpreter in the instant case. Appellant argues the trial court failed to administer an oath on the record, did not assess the interpreter's qualifications, and did not confirm that the interpreter was fluent in both English and Nepali. We note the Appointment and Oath of Interpreter attests to each of these requirements, and that appellant raised no objection thereto before the trial court.

{¶28} Appointment of interpreters is addressed by the Rules of Evidence, the Ohio Revised Code, and the Rules of Superintendence. Evid.R. 604 states that "[a]n interpreter is subject to the provisions of these rules relating to the qualification as an expert and the administration of an oath or affirmation that he will make a true translation." Although Evid.R. 604 provides that "an interpreter be administered an oath or affirmation that [he] will make a true translation [,] * * * [t]he primary concern regarding a 'functionary' such as an interpreter is one of qualification[s], not veracity or fidelity." *State v. Razo*, 9th Dist. No. 03CA008263, 157 Ohio App.3d 578, 2004-Ohio-3405, 812 N.E.2d 1005, ¶ 10,

citing *State v. Ruiz*, 9th Dist. No. 16063, 1994 WL 78620 (Mar. 16, 1994) and *United States v. Perez*, 651 F.2d 268, 273 (C.A.5, 1981).

{¶29} Under the mandates of Evid.R. 604, an interpreter must qualify as an expert under Evid.R. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

{¶30} R.C. 2311.14(B) provides that "before entering upon official duties, the interpreter shall take an oath that the interpreter will make a true interpretation of the proceedings to the party or witness, and that the interpreter will truly repeat the statements made by such party or witness to the court, to the best of the interpreter's ability."

{¶31} In addition, Ohio Sup.R. 88(D) "provides a hierarchy for preferred candidates: (1) a Supreme Court of Ohio certified foreign language interpreter; (2) a provisionally-qualified foreign language interpreter; (3) a language-skilled foreign language interpreter; and (4) telephonic interpreter." *State v. Gaspareno*, 2016-Ohio-990, 61 N.E.3d 550, ¶ 63 (3d Dist.), citing Sup.R. 88(D)(1)-(4). Ultimately, the trial court shall administer an oath or affirmation to a foreign language interpreter that the interpreter will make an accurate and true interpretation. R.C. 2311.14(B); Sup.R. 88(I).

{¶32} It is not clear from the record how the need for an interpreter first arose, although it is evident the trial court took note of this at the arraignment. The record is silent regarding the interpreter until the date of the guilty plea, when the "Oath of

Interpreter" was filed.   Appellant raised no objection at any point to the interpreter's qualifications in the trial court and has again waived the right to claim error on appeal regarding the expert qualification of the interpreter.   *State v. Rosa*, 47 Ohio App.3d 172, 175, 547 N.E.2d 1232 (8th Dist.1988); *In re M.A.P.*, 12th Dist. Butler No. CA2012-08-164, 2013-Ohio-655, ¶ 55; *In re Marriage of Beynenson*, 11th Dist. Geauga No. 2012-G-3066, 2013-Ohio-341, ¶ 19; *Razo*, supra, at ¶ 11, citing *State v. Mejia*, 8th Dist. Cuyahoga No. 72716, 1998 WL 564039 (Sept. 3, 1998) [failure to object to trial court's failure to administer oath to interpreter waives the issue on appeal].

{¶33} An appellate court need not consider error which a party could have called to the trial court's attention when such error could have been avoided or corrected.  *See, State v. Hammock*, 5th Dist. Richland No. 18CA27, 2018-Ohio-3914, ¶ 30.   We have referred to waiver as an intentional relinquishment of a known right. *Starner v. Starner*, 5th Dist. Holmes No. 10CA001, 2010-Ohio-4620, ¶ 21, citing *State ex rel. Wallace v. State Med. Bd. Of Ohio,* 89 Ohio St.3d 431, 435, 2000–Ohio–213, 732 N.E.2d 960. Under the invited-error doctrine, a party will not be allowed to take advantage of an error that he or she has invited or induced the trial court to make. *Id.*, citing *State ex rel. Beaver v. Kontech,* 83 Ohio St.3d 519, 521, 1998–Ohio–295, 700 N.E.2d 1256.

{¶34} We will therefore address the process by which the trial court used this interpreter according to plain error.  If no objection is raised as to the qualifications of the interpreter, the usage of a language-skilled interpreter instead of a certified or provisionally qualified interpreter, or to the ability of the interpreter to effectively interact with appellant, we apply a plain-error standard of review. *State v. Barrie*, 2016-Ohio-5640, 70 N.E.3d 1093, ¶ 31 (10th Dist.), citing *State v. Noor,* 10th Dist. No. 13AP–165, 2014-

Ohio-3397, 2014 WL 3827821, ¶ 72, internal citation omitted; see also, *State v. Esqueda*, 10th Dist. Franklin No. 96APA01–118 (September 30, 1996), *State v. Rosa* , 47 Ohio App.3d 172, 547 N.E.2d 1232 (8th Dist.1988), *State v. Rivera* , 99 Ohio App.3d 325, 650 N.E.2d 906 (11th Dist.1994).  Plain error under Crim.R. 52(B) consists of an obvious error or defect in the trial proceedings that affects a substantial right.  *State v. Lindsey,* 87 Ohio St.3d 479, 482, 721 N.E.2d 995 (2000). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 5th Dist. No. 2008-CA-00137, 2009-Ohio-1688, 2009 WL 943968, internal citation omitted.  The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶35} Appellant does not allege any wrongdoing by the interpreter.  His assignment of error is premised solely upon the trial court's failure to follow the procedures outlined in R.C. 2311.14 and Sup.R. 88.  This argument is insufficient to describe plain error.  In *State v. Newcomb*, 10th Dist. Franklin No. 03AP-404, 2004-Ohio-4099, at ¶ 24-25, the Tenth District Court of Appeals noted that if no evidence exists as to impropriety or mistakes or falsehoods by the interpreter, an appellant fails to show plain

error where the trial court did not properly swear the interpreter or evaluate his or her qualifications:

The alleged failure to administer the oath does not constitute plain error. There is no evidence in the record or presented by appellant that the interpreter failed to either make a truthful interpretation of the proceedings to appellant or truly repeat the statements made by appellant to the court, to the best of the interpreter's ability. As such, any alleged error in failing to administer the oath to the interpreter does not affect the fairness, integrity, or public reputation of appellant's plea. As such, plain error is not present.

Also, the alleged failure to qualify the interpreter as an expert witness does not constitute plain error. There is no evidence which indicates the interpreter was not qualified to interpret American sign language. As such, the fact the interpreter was not qualified as an expert witness does not undermine or call into question the fairness, integrity, or public reputation of appellant's plea.

{¶36} Simply asserting procedural error in the appointment of an interpreter is not enough. *State v. Cedeno-Guerrero*, 8th Dist. Cuyahoga No. 108097, 2019-Ohio-4580, ¶ 11 [appellant failed to assert or establish interpreter was not qualified, or lacked appropriate credentials or certifications, or did not adequately translate proceedings, or that appellant misunderstood translations, and thus failed to overcome his burden of showing obvious error in the proceedings]. Appellant has not pointed to any evidence or

raised any argument that the interpreter was not properly qualified or lacked veracity or fidelity.  See, *Razo*, supra, at ¶ 11.

{¶37} Upon our review of the record, we conclude that the trial court did not err in accepting appellant's guilty plea and did not commit plain error in appointing the interpreter.  Appellant's first and second assignments of error are therefore overruled.

III.

{¶38} In his third assignment of error, appellant argues he received ineffective assistance of counsel because defense trial counsel failed to object or inquire as to the interpreter's oath and qualifications.  We disagree.

{¶39} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. See, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, 104 S.Ct. 2052, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052.

{¶40} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual

prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

{¶41} Appellant's failure to demonstrate prejudice in his first and second assignments of error is also fatal to his third. Upon our review of the record, appellant fails to demonstrate he was prejudiced by the alleged deficiencies in trial counsel's performance. The record is devoid of any evidence to support a finding the interpreter did not give a truthful interpretation of the proceedings, or that the interpreter was not qualified to interpret during the proceedings. *Newcomb*, supra, 2004-Ohio-4099, at ¶ 35; *State v. Rivera*, 99 Ohio App.3d 325, 332, 650 N.E.2d 906 (11th Dist.1994).

{¶42} Appellant also summarily argues that counsel should not have waived the requirement that the trial court address the constitutional rights appellant waived by entering the guilty plea, but does not point to any deficiencies or how they influenced the outcome. We find no reasonable probability that, but for trial counsel's alleged errors, the result of the trial would have been different.

{¶43} Appellant's third assignment of error is therefore overruled.

**CONCLUSION**

{¶44} Appellant's three assignments of error are overruled and the judgment of the Delaware Municipal Court is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.